UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.12-81364-Civ-Ryskamp/Hopkins

CHARLOTTE TAYLOR-TILLOTSON,

    Plaintiff,

vs.

FILED by _____ D.C.

NOV - 4 2013

STEVEN M. LARIMORE
CLERK U.S. DIST. CT
S.D. OF FLA. W.P.B.

FLORIDA DEPT. OF CHILDREN AND
FAMILIES CIRCUIT: 15
(PALM BEACH) UNIT, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION REGARDING DEFENDANTS' MOTIONS TO DISMISS (DE 17, 28, 44) AND PLAINTIFF'S MOTION TO AMEND (DE 60, 61)

**THIS MATTER** has come before this Court upon an Order referring all pre-trial motions to the undersigned United States Magistrate Judge for appropriate disposition. (DE 5). Presently before the Court are motions to dismiss filed by all six remaining Defendants. (DE 17, 28, 44).[1] In response, Plaintiff has moved to amend her Complaint, and claims that the new Complaint "addresses the current issues raised in the current motions to dismiss" and, therefore, renders the motions to dismiss "moot." (DE 60, 61). For the reasons that follow, this Court **RECOMMENDS** that Defendants' motions to dismiss be **GRANTED** and Plaintiff's motion to amend be **DENIED**.

---

[1] Previously, this Court conducted an initial screening on *pro se* Plaintiff's motion for *in forma pauperis* relief. On February 28, 2013, the District Court adopted this Court's report and recommendation to dismiss two of the originally eight named Defendants. (DE 10).

## BACKGROUND

In her Complaint and proposed Amended Complaint, *pro se* Plaintiff alleges that the remaining six Defendants engaged in a variety of constitutional and statutory violations by unlawfully denying her food stamps and Medicaid benefits. (DE 1). Specifically, Plaintiff, who is a diabetic and a recipient of Supplemental Security Income (SSI), alleges civil rights violations under 42 U.S.C. § 1983 for denial of due process and equal protection, as well as violations of the American with Disabilities Act (ADA), the Rehabilitation Act, and the Food Stamps Act. (DE 1 at page 13; DE 61 at page 18).[2]

Plaintiff's Complaint is fraught with conclusory legal allegations, and contains very few actual facts regarding the purported deprivation of benefits. Rather, the Complaint reads like a legal treatise on the legislative history of welfare benefits in the United States, none of which is useful or relevant to this Court's assessment of Plaintiff's claims. More enlightening than the Complaint itself are the attached Orders from the administrative appeal hearings Plaintiff received in 2010 and 2012, both of which resulted in Plaintiff obtaining the relief she sought, namely, a reversal of earlier decisions denying her benefits. (DE 1-2 at pages 1 and 18).

In terms of relief sought with the instant lawsuit, Plaintiff seeks declaratory and injunctive relief for unspecified "continuing" violations, but then states that she is "currently re-certified until mid-2016 for food stamps." (DE 1 at ¶ 41). Plaintiff also seeks restitution from Defendants, claiming that she was "damaged by the approximate 4 year denial and delay of food stamp benefits." *Id.* at ¶ 54.

---

[2] Without any explanation, Plaintiff also alleges violations of the Privileges and Immunities Clause and the Supremacy Clause of the Constitution. (DE 1 at ¶56; DE 61 at ¶92).

2

## DISCUSSION

### 1. Defendants' Motions to Dismiss

In considering a motion to dismiss filed pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, a court must determine whether a plaintiff's "[f]actual allegations [are] enough to raise the right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). In the complaint, the plaintiff is required to provide "'a short and plain statement of the claim' that 'will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Id.* (*citing Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Although in evaluating a motion to dismiss, the court must construe the plaintiff's complaint in a light most favorable to the plaintiff, and accept all well-pled facts as true (*Geidel v. City of Bradenton Beach,* 56 F. Supp. 2d 1359, 1363 (M.D. Fla. 1999), "[a]bsent the necessary factual allegations, 'unadorned, the-defendant-unlawfully-harmed-me accusation[s]' will not suffice." *Faison v. Edwards*, 2011 WL 32435 (M.D. Fla. Jan. 5, 2011)(*quoting* Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A court decides whether this standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer that the defendant is liable for the misconduct alleged.

3

*A Society Without A Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011)(*quoting Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

At the outset, the Court notes that Plaintiff has named the State of Florida, the Agency for Health Care Administration (AHCA)(the state agency responsible for the administration of Medicaid in Florida), and the Florida Department of Children and Families (DCF) as Defendants in this action. Plaintiff's claims against all three are barred by the grant of immunity under the Eleventh Amendment and because neither the state nor its agencies are susceptible to suit under 42 U.S.C. § 1983 because they are not "persons" under the statute. *Thompson v. The Florida Bar*, 2007 WL 4380645 (S.D. Fla. Sept. 7, 2007). *See also Cate v. Oldham*, 707 F.2d 1176, 1182 (11th Cir. 1983)(where State of Florida is a named defendant, "the federal court has no jurisdiction over this facet of the action").

It is well settled that both AHCA and DCF are agencies of the State of Florida and as such, they are immune from suit. *See Edmonds v. Levine*, 417 F. Supp. 2d 1323, 1326 (S.D. Fla. 2006)("AHCA is the state agency that administers the Medicaid program in Florida")(*citing* Fla. Stat. §§ 409.901(14), 409.902 (2004)); *Hayes v. Secretary, Florida Dept. of Children & Families*, 2012 WL 2848999, *3 (N.D. Fla. May 11, 2012)(complaint could not name DCF because as a state agency, it would be immune from suit under the Eleventh Amendment). *See also Nat'l R.R. Passenger Corp. v. Rountree Transp. & Rigging, Inc.*, 896 F. Supp. 1204, 1206 (M.D. Fla. 1995)(state agencies receive the same Eleventh Amendment protection from suit in a federal court as the state itself)(*citing Schopler v. Bliss*, 903 F.2d 1373, 1378 (11th Cir. 1990)).

Notably, Eleventh Amendment immunity extends to both monetary damages as well as injunctive relief. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989)(states, including

4

governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes cannot be sued for *any* relief).

However, under *Ex parte Young*, 209 U.S. 123 (1908), prospective injunctive relief is available against state officials sued in their official capacities to prevent *"continuing* violations of federal law." *Summit Med. Assocs., P.C. v. Pryor*, 180 F.3d 1326, 1336-1337 (11th Cir. 1999)(emphasis in original)("the *Ex parte Young* doctrine applies only to ongoing and continuous violations of federal law . . . a plaintiff may not use the doctrine to adjudicate the legality of past conduct . . . the Eleventh Amendment bars suits against state officials in federal court seeking retrospective or compensatory relief, but does not generally prohibit suits seeking only prospective injunctive or declaratory relief"). *See also Grizzle v. Kemp*, 634 F.3d 1314, 1319 (11th Cir. 2011)("[A] suit alleging a violation of the federal constitution against a state official in his official capacity for injunctive relief on a prospective basis is not a suit against the state, and, accordingly, does not violate the Eleventh Amendment.").

Thus, any claims against David King in his official capacity seeking prospective injunctive or declaratory relief would not be barred by the Eleventh Amendment. However, Plaintiff does not allege any ongoing violations that still need to be remedied. The purported violations Plaintiff attributes to Defendant King in the initial Complaint are as follows: King "worked for [AHCA]" and "abused his personal authority by placing plaintiff's personal information on public record" (DE 1 ¶ 148); and King "conspired" with the other individually named Defendants to "keep plaintiff out of the building where administrative hearings are held"

5

(*Id.* at ¶150).[3] Given that these claims relate to past conduct and do not allege any ongoing violations, declaratory and/or injunctive relief is unavailable. Indeed, Plaintiff acknowledges that her food stamp benefits have been restored and that she is certified to receive them for the next three years. It is well settled that where there is "no ongoing violation of federal law, a federal court cannot issue a declaratory judgment that state officials violated federal law in the past." *MSA Realty Corp. v. State of Ill.*, 794 F. Supp. 267, 271 (N.D. Ill. 1992)(*citing Green v. Mansour*, 474 U.S. 64, 73 (1985)).

> Where there is no ongoing violation of federal law or reason to issue an injunction, a declaratory judgment will not be an available remedy as against the state due to sovereign immunity. Declaratory relief is not prospective as required by the *Ex Parte Young* doctrine when it would serve to declare only past actions in violation of federal law: retroactive declaratory relief cannot be properly characterized as prospective.

*Tigrett v. Cooper*, 855 F. Supp. 2d 733, 744 (W.D. Tenn. 2012). *See also Pierre v. New York State Dep't of Corr. Servs.*, 2009 WL 1583475, *18 (S.D.N.Y. June 1, 2009)(plaintiff's complaint identified no ongoing violation of the ADA that would be remedied by the issuance of an injunction).

Similarly, the allegations against Defendants Latonya Smith and Michelle Bergen in their official capacities, as employees of DCF, also fail. Plaintiff contends that Defendants Smith and

---

[3] In her proposed Amended Complaint, Plaintiff reiterates these allegations, and adds additional claims against King, namely that he failed to provide Plaintiff an endocrinologist, refused to fill her prescriptions for insulin, delayed/denied repairs to her wheelchair, and failed to send Plaintiff notices in writing regarding the alleged delay/denial of her Medicaid benefits. (DE 61 at ¶ 312, 314-316, 318). Notably, Plaintiff does not allege that any of these purported violations are ongoing. On the contrary, a 2010 Order attached to Plaintiff's Complaint indicates that following an administrative appeal, Plaintiff was awarded reimbursement for her wheelchair repairs. (DE 1-2 at pages 18-22).

6

Bergen abused their authority by placing her personal information in a hearing transcript, and by filing a false report with the West Palm Beach Police Department.[4] As with Defendant King, these allegations relate to past conduct, not continuing violations, and therefore, declaratory and/or injunctive relief is not available.

To the extent Plaintiff alleges causes of action against the individual defendants in their individual capacities, such claims are barred by the doctrine of qualified immunity. "Qualified immunity is an affirmative defense to personal liability that . . . protects government officials performing discretionary functions from civil liability if their conduct violates no clearly established statutory or constitutional rights of which a reasonable person would have known." *Marshall v. Florida Dep't of Corr.*, 2011 WL 1303213, *4 (S.D. Fla. Mar. 31, 2011)(*quoting Gomez v. Toledo*, 446 U.S. 635, 640 (1980) and *Harlow v. Fitzgerald*, 455 U.S. 800, 818 (1982)).

Here, Plaintiff has failed to establish that the individual Defendants violated any of her statutory or constitutional rights. Plaintiff's claim that her due process rights were violated because she did not receive notices that her welfare benefits were being delayed/denied and that she was kept out of administrative hearings regarding her benefits are directly contradicted by Plaintiff's Complaint and the exhibits attached thereto, which indicate that Plaintiff was notified and did in fact attend several hearings regarding her welfare benefits, and even received rulings in her favor. Thus, Plaintiff's due process claim must fail. *See Otis v. Madigan*, 115 F. App'x

---

[4] According to the police report, Plaintiff was unhappy about an administrative hearing that occurred on September 20, 2012, and returned to DCF later that day and made verbal threats against Defendant Smith. (DE 1-2, page 12). Police advised Plaintiff that she would be charged with trespass if she returned to the location. (DE 1-2, page 16).

315, 316 (7th Cir. 2004)(Court rejected plaintiff's "generalized assertion" of a due process violation where record reflected she had been afforded four administrative hearings).

With regard to Plaintiff's ADA and equal protection claims, Plaintiff's Complaint does not allege any facts to support her conclusory statements that she was discriminated against or treated differently because of her diabetes. "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice,' because 'we are not bound to accept as true a legal conclusion couched as a factual allegation.'" *A Society Without A Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011)(*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

### 2. Plaintiff's Motion to Amend the Complaint

As noted above, in response to Defendants' motions to dismiss, Plaintiff has filed a motion to amend her Complaint. However, the problems with the initial Complaint that lead this Court to recommend dismissal are not overcome by Plaintiff's attempted amendment. Indeed, Plaintiff's proposed Amended Complaint – which alleges the same causes of action against the same Defendants – suffers from the same fatal flaws as the original Complaint. If anything, Plaintiff's attempt at enhancing the pleadings has only made her allegations more convoluted and unintelligible. Plaintiff's proposed Amended Complaint is 88 pages long (more than twice the length of her initial Complaint), and contains wide-ranging accusations and absurdly repetitive claims. The amendment does nothing to streamline her allegations or provide factual support for Plaintiff's claim that the named agencies and their employees are engaged in a conspiracy and use abusive tactics to intentionally deprive citizens of their welfare benefits. For these reasons, this Court recommends that the District Court rejects Plaintiff's motion to amend her

Complaint.[5]

## RECOMMENDATION TO THE DISTRICT COURT

Accordingly, this Court **RECOMMENDS** that the District Court **GRANT** Defendants' Motions to Dismiss (DE 17, 28, 44), **DENY** Plaintiff's Motion to Amend (DE 60, 61), and **DENY AS MOOT** the remaining pending motions.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Kenneth L. Ryskamp, Senior United States District Court Judge for the Southern District of Florida, within fourteen (14) days of being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1) (2010) (providing that "within fourteen days after being served with a copy, any party may serve and file written objections to such proposed

---

[5] This Court was able to discern only one potentially viable claim in Plaintiff's Amended Complaint, namely, that after winning her appeal at the administrative level on June 26, 2012, and obtaining a ruling that DCF must provide Plaintiff with retroactive food stamp benefits from 2009, Defendants abruptly "terminated or reduced [her] food stamp benefits without notice or hearing" less than six months later, in December 2012. *See* Proposed Amended Complaint (DE 61 at ¶ 39-42). However, Plaintiff fails to elaborate as to what occurred thereafter and whether she pursued this alleged violation with the Office of Appeal Hearings or in any other way exhausted her administrative remedies. Without evidence that Plaintiff has exhausted her administrative remedies as to this claim, it is not properly before this Court. *See, e.g., Otis v. Madigan*, 115 F. App'x 315, 316 (7th Cir. 2004)(affirming dismissal of complaint where plaintiff "never alleged attempting to challenge the calculation of her benefits in an administrative hearing or an action in state court under the Illinois Administrative Review Law, [the district court] found her ineligible for relief because she had failed to exhaust her administrative remedies"). *See also Anderson v. Aurora Hous. Auth.*, 2008 WL 410412 (D. Colo. Feb. 11, 2008)(complaint dismissed where plaintiff failed to allege what specific administrative steps she has taken to obtain her benefits, and whether she has exhausted her administrative remedies).

9

findings and recommendations as provided by rules of court."). *See also* Fed. R. Civ. P. 72(b)(2) (2010) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy.") Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. *See LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988); *RTC v. Hallmark Builders, Inc*, 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE and SUBMITTED** in Chambers this 4 day of November, 2013, at West Palm Beach in the Southern District of Florida.

*James M. Hopkins*

_____
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

Copies to: Counsel of Record

Charlotte Taylor-Tillotson, *Pro Se* Plaintiff
1121 South Federal Hwy.
Lake Worth, FL 33460